UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-CR-14003-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AUSTIN LAMAR POWELL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO**
**VIOLATION NUMBERS 1, 4, 5, 6, 7, AND 8**

**THIS CAUSE** came before me on January 24, 2022. Having conducted a hearing, I recommend as follows:

1. A Petition for Warrant or Summons for Offender Under Supervision (the "Petition") was filed in this case on March 28, 2019. DE 165. The Defendant appeared before me on January 24, 2022 for a hearing. At the hearing, the Defendant admitted Violation Numbers 1, 4, 5, 6, 7, and 8. The Government agreed to recommend dismissal of Violation Numbers 2 and 3 at the time of sentencing.

2. Violation Numbers 1, 4, 5, 6, 7, and 8 allege:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 26, 2019, in Palm Beach County, Florida, the Defendant committed the offense of Sell/Possess/Manufacture controlled substance Sch. I or II, contrary to Florida Statute 893.13(1)(A)1. |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 26, 2019, in Palm Beach County, Florida, the Defendant committed |

the offense of Reckless Driving contrary to Florida Statute 316.192(1).

**Violation Number 5**  **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On or about February 26, 2019 the defendant was found in possession of cocaine, crack cocaine, and fentanyl by the West Palm Beach Police Department and charged with Sell/ Possess/ Manufacture Controlled Substance, Sch I or II, contrary to Florida Statute 893.13(1)(A)1, Traffic Heroin/ Opium/ Synthetic Drugs 4 grams less than 30 KG contrary to Florida Statute 893.135(1)(C)1; Trafficking 4 Grams or More Controlled Substance contrary to Florida Statute 893.135(1)(C)1; and Reckless Driving contrary to Florida Statute 316.192(1) in Palm Beach County, Florida.

**Violation Number 6**  **Violation of Standard Condition**, by failing to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. On or about February 26, 2019, the Defendant was arrested by the West Palm Beach Police Department, and he failed to advise the U.S. Probation Officer until March 7, 2019.

**Violation Number 7**  **Violation of Standard Condition**, by failing to report to the probation officer as directed. On March 7, 2019, during a telephone conversation, the Defendant was instructed to report to the U.S. Probation Officer on March 8, 2019, and he failed to comply.

**Violation Number 8**  **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about the beginning of March 2019, the defendant moved from his approved residence of [Redacted], and [at the time the Petition was filed] his whereabouts [were] unknown.

3. The possible maximum penalties faced by the Defendant were read into the record by the Government. The Defendant stated that he understood those penalties.

4. I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 1, 4, 5, 6, 7, and 8 are

accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

5.  The Government proffered a factual basis for Defendant's admissions to Violation Numbers 1, 4, 5, 6, 7, and 8.  The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that the proffered facts establish a sufficient factual basis to support Defendant's admissions to Violation Numbers 1, 4, 5, 6, 7, and 8.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1, 4, 5, 6, 7, and 8, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. M Michael Moore, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 26th day of January, 2022.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE